LIZZIE SMITH et al.

*v.*

ALBERT C. ABBOTT.

[Submitted September 14th, 1911.   Decided September 21st, 1911.]

*2 Gen. Stat. 1895 p. 1429 § 21*, provides that any deed by an administrator with the will annexed, for land sold pursuant to a power or direction in the will vested in the executor, shall be as valid as if it had been executed by the executor named in the will; and such administrator shall have the same powers as to the sale of testator's land as were vested in the executor.   Orphans Court act (*P. L. 1898 p. 725 § 29*) provides that if any non-resident die possessed of lands within the state, the surrogate of the county shall, upon proof of death, issue letters of administration; and if any executor or administrator of a non-resident neglects for sixty days to apply for letters testamentary, or of administration, the surrogate may issue letters of administration to any person he selects, either with the will annexed or otherwise.—*Held*, that, while a testamentary power of sale given an executor does not cease upon the death or removal of the executor, as at common law, but now passes to an administrator with the will annexed, a power of sale of realty situated in New Jersey, given to foreign executors named in a non-resident's will, cannot be exercised by an ancillary administrator with the will annexed, appointed by the orphans court of the county in which the realty is situate, where the executors are acting as such in the jurisdiction of testator's domicile.

On bill, &c.

*Mr. Isaac H. Nutter,* for the complainants.

*Mr. John J. Crandall,* for the defendant.

LEAMING, V. C.

The bill is filed for the purpose, ostensibly, of procuring the construction of a will.   I am unable to find any provision of the will which needs construction.   The power of sale given by the will to the executors, to which the bill especially refers, is sus-

ceptible of but one meaning, and does not admit of construction; it specifically directs the executors to make sale of the real estate therein referred to. I apprehend, however, that the real purpose of the bill is to have this court determine whether, as a matter of law, a power of sale of real estate situate in New Jersey, which power is given to executors named in the will of a non-resident, can be exercised by an ancillary administrator *cum testamento annexo* appointed by the orphans court of the county in which the real estate is situate, in a case in which the executors named in the will, or the survivors of them, are acting as such in the jurisdiction of the domicile of the testator. While the answer to this inquiry would seem to belong to the orphans court on application for confirmation of any sale which may be made, I am not entirely clear but that, under the issues as framed, this court should give the matter its consideration pursuant to the prayer of the bill.

Section 24 of the Orphans Court act (*P. L. 1898 p. 722*) expressly authorizes an executor of the domicile of a non-resident to make sale of land in this state pursuant to a power contained in the will of testator for that purpose, providing the will has been executed in accordance with the laws of this state and an exemplified copy of the will and foreign letters have been duly filed and recorded in this state. Under the facts stated in the bill, and admitted in the answer, a power of sale clearly resides in the surviving Pennsylvania executors.

At common law a testamentary power of sale of an executor was treated as a personal trust; with the death, resignation or removal of the executor the power died; an administrator *cum testamento annexo* could not, in consequence, exercise the power. *Den, ex dem. M'Donald,* v. *King, 1 N. J. Law (Coxe) 432.* This has been changed by our statute; the power now passes to an administrator *cum testamento annexo,* except in certain cases specifically referred to in the statute. *2 Gen. Stat. p. 1429 § 21.* But this statute clearly has reference to the survival of the power of sale where the executorship has become vacant and an administrator *cum testamento annexo* has been appointed as the successor in office of the person or persons named in the will; it

does not relate to an ancillary administrator in this state where the executor named in the will of a non-resident is acting as such in the state of the domicile of the testator; this is manifest not only from the language, but also from the general purpose of the act. The only other statute which has been brought to my attention which could possibly confer the power on an ancillary administrator with the will annexed, in a case of the nature already stated, is section 29 of our Orphans Court act, under which section letters *cum testamento annexo* may be issued on the estate of a deceased non-resident on the application of a creditor of the testator. An examination of this section will disclose that it nowhere confers upon the administrator *cum testamento annexo* .so appointed, either expressly or by implication, the power of sale which the will gives to the executors of the foreign jurisdiction. In the absence of a statute conferring the power, the common law rule must be recognized.

I am convinced that under the facts stated in the bill the local administrator cannot exercise the power of sale contained in the will.